IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00965-MSK-CBS

FEDERAL INSURANCE COMPANY, an Indiana corporation,

    Plaintiff,

v.

MARY ANN ADAMS,
ALLSTATE INSURANCE COMPANY, INC., an Illinois corporation,
BETTY ALSPAUGH,
MARK H. ALSPAUGH,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,
DALE KEVIN AXTELL,
KIM MARIE AXTELL,
ROBERT S. BABB,
BAILEY HAIR & NAILS,
DAVID EDWARD BAUER,
LOUISE JANE BAUER,
PATRICIA BENNETT-TAYLOR,
VICKIE BIGELOW,
JAMES R. BOCK,
RENEE Y. BOCK,
BRENDA BRUMAGHIN,
ENRIQUE BRUMAGHIN,
JEFFREY BRUNGART,
HELEN T. BURNS,
MICHAEL BURNS,
DEAN BYER,
GERALDINE CALLAHAN,
WARREN T. CALLAHAN,
CURTIS CASE,
DORA CATALDO,
JOHN DOE #1, as trustee for Caw Trust Settlement of Trust,
ANDREW CHRISTENSEN,
SHELLY CHRISTENSEN,
HELEN COOK,
LESLIE DAVIS,
TIFFANY DIBLASI,
KAREN ECK,
RANDAL ECK,

ROGER FALTER,
FARMERS INSURANCE GROUP, a Nevada corporation,
RON GREEN,
SHERLYN GREGG,
TIM A.GREGG,
KRISTEN GREGORY,
SCOTT GREGORY,
TARYN GUELKER,
PATRICIA HARTLEY,
ROBERT HARTLEY,
SHEILA HAWES,
KATHERINE HEDRICK,
ANN HERLIHY,
BRIAN HERLIHY,
EGOR HUNKA,
DEBORAH JALANIVICH,
GEORGE E. JEROME,
CHRISTINE J. JOBIN,
ARTHUR CURTIS JOHNSON, III,
PETER N. JOHNSON,
RUSSELL JOHNSON, JR.,
BERNARD J. KARNOWKA,
THOMAS P. KARNOWKA,
JOHN MICHAEL KEYES,
NINA M. KIGHT,
ROBERT D. KIGHT,
MICHAEL D. KINZER,
ARTHUR KRIEBEL,
SUSAN KRIEBEL,
MARK KULOW,
LAZY OURS, L.L.C., a Colorado limited liability company,
JOSEPH ALLEN MAHAN,
SUSAN ADELE MAHAN,
LEONARD JOHN MAKI,
TENI JUDITHE MARTIN-WHITE,
LOREN H. MEYERINK,
KEITH MINER,
EUGENE H. MORRIS,
MARILYN MORRIS,
LAWRENCE MUETZ,
PERCY MUETZ,
DIANE NEWTON-SZALAY,
ONE BEACON INSURANCE COMPANY, a Massachusetts corporation,

GLORIA J. PARKS,
STEPHEN L. POTTER,
DAN RAYBURN,
JOHN DOE #2 as trustee for Jason D. Rayburn Irrevocable Trust,
JERRILYN RAYBURN,
HANK REPP,
PRISS REPP,
JOHN DOE #3, as trustee for Priscilla M. Repp Living Trust,
DENNIS L. RIESBERG,
CHRISTINE SCHRADER,
DAMON SCHRADER,
NANCY SERWATKA,
CARL SHOEMAKE,
DORIS E. LAUGHTON-SMITH,
MARTIN L. SMITH,
STATE OF COLORADO,
STATE FARM INSURANCE COMPANY, an Illinois company,
JOHN J. STEIN,
FRANK STENGER, JR.,
RIKI L. STENGER,
WALTER STRANKMAN,
RONALD W. THORNE,
GERALD L. TYRELL,
JANICE TYRELL,
JERRY TYRELL,
USAA CASUALTY INSURANCE COMPANY, a Texas corporation,
JUDITH L. VINYARD,
CAROL WALSH,
DOUGLAS J. WALSH,
STEVE WARNING,
TIA WARNING,
DONALD WEBSTER,
YVONNE WEIDMANN,
JOHN WEIMER,
SYDNEY WEIMER,
JONATHAN SETH WHITE,
JOHN & JANE DOE 4-10, the identity and precise number of whom are presently unknown to the plaintiff, and
JOHN DOE ENTITY 1-10, the identity and precise number of whom are presently unknown to the plaintiff,

      Defendants,

and

UNITED STATES OF AMERICA,
HENRY ALDERFER,
BARBARA ALDERFER, and
ERIC ALDERFER,

        Intervenors.

## ORDER GRANTING, IN PART, PLAINTIFF'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on the Plaintiff's Unopposed Motion for Summary Judgment **(#78)**. No party has timely responded to the motion.[1] Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

This is an interpleader action. Therefore, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1335(a). The Plaintiff, Federal Insurance Company, has deposited funds exceeding $500 into the Court Registry, and there are two or more adverse claimants who may be entitled to the interpled funds and who are minimally diverse. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).

### II. Issue Presented

Federal Insurance Company now moves for summary adjudication of its claim for injunctive relief and seeks its dismissal from this action. In particular, it seeks an order for a

---

[1] All named Defendants have been either personally served a summons and complaint, waived formal service of process, or otherwise entered an appearance in this action. (*See* **#63**).

permanent injunction against all Defendants from commencing in any court an action for the recovery of all or part of the insurance proceeds which have been deposited into the Court Registry pursuant to Federal Insurance Policy No. 12189537-01.  The Court must determine whether Federal Insurance Company is entitled to such relief.

### III.  Analysis

Federal Insurance Company commenced this action by filing a complaint for interpleader. It paid the sum of $500,000 to the Registry of the Court.  This sum represents the amount of a homeowner's insurance policy issued to Henry and Barbara Alderfer Chubb, whose minor son Eric allegedly started a wildfire which caused property damage, personal injury, and other losses to the Defendants.  In its complaint, Federal Insurance Company requested an order directing each Defendant to establish their respective claims to the insurance proceeds and a permanent injunction precluding the Defendants from commencing other actions to recover such insurance proceeds.

In its current motion, Federal Insurance Company seeks a permanent injunction and an order dismissing it from this action pursuant to 28 U.S.C. § 2361.  Such statute provides:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction

permanent, and make all appropriate orders to enforce its judgment.

No party opposes the motion.

Based upon Federal Insurance Company's deposit of the insurance policy proceeds into the Court Registry, an injunction is appropriate. However, Federal Insurance Company has cited no legal authority for its "dismissal" from this action. Because it no longer has a stake in this action, judgment will enter in its favor. It is not required to further appear in this case. However, the case will remain open to provide the Defendants a forum to resolve their competing claims to the insurance proceeds. *See* Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1714.

**IT IS THEREFORE ORDERED** that:

(1) The Unopposed Motion for Summary Judgment is **(#78) GRANTED IN PART** and **DENIED IN PART**.

(2) The Defendants are **ENJOINED** from instituting or prosecuting any proceeding in any State or United States court for recovery of all or a portion of the proceeds of Federal Insurance Policy No. 12189537-01, until further order of the court.

(3) Judgment shall enter in favor of the Plaintiff, Federal Insurance Company, and against each Defendant.

(4) This civil action shall remain open until further order of the Court.

Dated this 26th day of April, 2006

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

6