IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00965-MSK-CBS

FEDERAL INSURANCE COMPANY
        Plaintiff,
v.

MARY ANN ADAMS,
ALLSTATE INSURANCE COMPANY, INC., an Illinois corporation,
AMERICAN FAMILY MUTUAL INSURANCE GROUP, INC., a Wisconsin corporation,
DALE KEVIN AXTELL,
KIM MARIE AXTELL,
ROBERT S. BABB,
BAILEY HAIR & NAILS,
DAVID EDWARD BAUER,
LOUISE JANE BAUER,
PATRICIA BENNETT-TAYLOR,
VICKIE BIGELOW,[1]
ENRIQUE BRUMAGHIN,
JEFFREY BRUNGART,
HELEN T. BURNS,
MICHAEL BURNS,
DEAN BYER,
GERALDINE CALLAHAN,
WARREN T. CALLAHAN,
CURTIS CASE,
DORA CATALDO,
JOHN DOE #1, as trustee for CAW TRUST SETTLEMENT OF TRUST,
ANDREW CHRISTENSEN,
SHELLY CHRISTENSEN,
HELEN COOK,
KAREN ECK,
RANDAL ECK,
ROGER FALTER,
FARMERS INSURANCE GROUP, a Nevada Corporation,
RONALD H. GREEN,
SHERLYN GREGG,
TIM A. GREGG,
KRISTEN GREGORY,
SCOTT GREGORY,
TARYN GUELKER,

1

PATRICIA HARTLEY,
ROBERT HARTLEY,
SHEILA HAWES,
KATHERINE HEDRICK,
ANN HERLIHY,
BRIAN HERLIHY,
EGOR HUNKA,
DEBORAH JALANIVICH,
GEORGE E. JEROME,
ARTHUR CURTIS JOHNSON, III,
RUSSELL JOHNSON, JR.,
BERNARD J. KARNOWKA,
THOMAS P. KARNOWKA,
JOHN MICHAEL KEYES,
NINA M. KIGHT,
ROBERT D. KIGHT,
ARTHUR KRIEBEL,[2]
SUSAN KRIEBEL,[3]
MARK KULOW,
LAZY OURS, L.L.C., a Colorado Limited Liability Company,
JOSEPH ALLEN MAHAN,
SUSAN ADELE MAHAN,
LEONARD JOHN MAKI,
TENI JUDITHE MARTIN-WHITE,
LOREN H. MEYERINK,
KEITH MINER,
EUGENE H. MORRIS,
MARILYN MORRIS,
LAWRENCE MUETZ,
PERCY MUETZ,
DIANE NEWTON-SZALAY,
ONE BEACON INSURANCE COMPANY, a Massachusetts Corporation,
GLORIA J. PARKS,[4]
STEPHEN L. POTTER,
DAN RAYBURN,
JOHN DOE #2, as trustee for JASON D. RAYBURN IRREVOCABLE TRUST,
JERRILYN RAYBURN,
HANK REPP,
PRISS REPP,
JOHN DOE #3, as trustee for PRISCILLA M. REPP LIVING TRUST,
DENNIS L. RIESBERG,
CHRISTINE SCHRADER,
DAMON SCHRADER,

2

NANCY SERWATKA,
CARL SHOEMAKE,
STATE OF COLORADO,
STATE FARM INSURANCE COMPANY, an Illinois Company,
JOHN J. STEIN,
FRANK STENGER, JR.,
RIKI L. STENGER,
WALTER STRANKMAN,
RONALD W. THORNE,
GERALD L. TYRELL,
JANICE TYRELL,
USAA CASUALTY INSURANCE COMPANY, a Texas Corporation,
UNITED STATES OF AMERICA,
JUDITH L. VINYARD,
STEVE WARNING,
TIA WARNING,
DONALD WEBSTER,
YVONNE WEIDMANN,
JOHN WEIMER,
SYDNEY WEIMER,
JONATHAN SETH WHITE,
JOHN & JANE DOE 4-10,
the identity and precise number of whom are presently unknown to the plaintiff, and
JOHN DOE ENTITY 1-10,
the identity and precise number of which are presently unknown to the plaintiff,
        Defendants,
and

UNITED STATES OF AMERICA,
HENRY ALDERFER,
BARBARA ALDERFER, and
ERIC ALDERFER,
        Interveners.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Intervener Plaintiff United States of

America's Motion for Default Judgment ("Motion") (filed January 24, 2007) (doc. # 126).

Pursuant to the Order of Reference dated June 21, 2005 (doc. # 3) and the

memorandum dated January 24, 2007 (doc. # 127), this matter was referred to the

Magistrate Judge.  The court has reviewed the Motion, the pleadings, the exhibits and

affidavits, the entire case file, and the applicable law and is sufficiently advised in the

premises.


I.      Statement of the Case

        On August 18, 2001, Plaintiff Federal Insurance Company ("FIC") issued a

homeowner's insurance policy to Henry and Barbara Alderfer, providing personal

liability coverage in the amount of $500,000.  (*See* Complaint (doc. # 1) at p. 15).  In

late April 2002, a wildfire referred to as the "Snaking Fire" broke out near Bailey,

Colorado.  *Id.*  Eric Alderfer, Henry and Barbara Alderfer's minor son, and two other

juveniles were charged with igniting the fire.  *Id.*  On May 27, 2005, FIC filed a

Complaint for Interpleader "for purposes of facilitating resolution of all matters in

relation to claims of the Alderfers' insurance policy benefits."  (Complaint at ¶ 138).  On

June 21, 2005, Judge Marcia S. Krieger signed an Order allowing  FIC to deposit

$500,000 into the registry of the Court.  (*See* "Order Granting Motion to Interplead"

(doc. #4)).  FIC named over one hundred Defendants and thus over one hundred

potential claimants to the interpled insurance policy proceeds.

        On October 7, 2005,  the United States of America ("United States") filed a

Complaint in Intervention, asserting a claim to the interpled funds for fire suppression

costs incurred by the United States Forest Service as a result of the Snaking Fire.

(*See* Complaint in Intervention (doc. #47) at p. 2).  On January 9, 2006, the Clerk of the Court entered the default of 90 Defendants, as listed in the attachment ("Default List"). (*See* docs. # 118 (excluding Defendant Leslie Davis n/k/a Leslie Kenney);  # 118-2 (listing one Defendant twice as Diane Newton-Szalay and Diane Szalay and one Defendant twice as Gerald L. Tyrell and Jerry Tyrell)).  The United States now seeks default judgment against 88 Defendants.  (*See* Motion; "Order Dismissing Claims against Specific Defendants" (doc. # 145) (dismissing Defendants Mark H. Alspaugh, Betty Alspaugh, James R. Bock, Renee Y. Bock, Brenda Brumaghin, Tiffany Di Blasi, Christine J. Jobin, Michael D. Kinzer, Peter N. Johnson, Leslie (Davis) Kenney, Doris Laughton-Smith, Martin L. Smith, Carol Ann Walsh, and Douglas J. Walsh)).

II.     Findings and Conclusions

A.      Subject Matter Jurisdiction, Personal Jurisdiction, and Venue

        "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."  *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).  This interpleader action was brought pursuant to 28 U.S.C. § 1335.  (*See* Complaint at p. 2 (alleging that the court has original jurisdiction pursuant to 28 U.S.C. § 1335)).  "Under 28 U.S.C. § 1335, a district court has jurisdiction of any civil action of interpleader involving money or property worth $500 or more where two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property, if the plaintiff has

5

deposited the money or property with the court." *Sun Life Assurance Co. of Can. v. Conroy*, 431 F. Supp. 2d 220, 224 (D.R.I. 2006) (internal quotation marks and citation omitted). "The requisite diversity exists if at least two of the adverse claimants are citizens of different states, without regard to the citizenship of other claimants or the stakeholder." *Id.* at 225 (internal quotation marks and citation omitted). FIC alleges that the amount in controversy is in excess of $500. (*See* Complaint at p. 2). The Complaint further alleges that two or more of the Defendants are of diverse citizenship, as defined in 28 U.S.C. § 1332. *Id.* Finally, FIC has deposited the $500,000 at issue into the registry of the Court. Thus, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335.

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citation omitted). "[P]ersonal jurisdiction exists as to the defaulted Defendants by virtue of either a waiver of service of process and complaint or service of a summons and complaint." *Sun Life Assurance*, 431 F.Supp.2d at 226. The court must ascertain that the individuals against whom the United States seeks default judgment are the actual parties in interest and were notified and forfeited any interest in the fund at issue. *See Gen. Accident Group v. Gagliardi*, 593 F.Supp. 1080, 1089 (D. Conn. 1984) ("A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue").

Defendants Enrique Brumaghin, Dora Cataldo, CAW Trust Settlement of Trust,

6

Andrew Christensen, Shelly Christensen, Helen Cook, Karen Eck, Randal Eck, Roger Falter, Ronald H. Green, Sherlyn Gregg, Tim A. Gregg, Katherine Hedrick, Egor Hunka, Nina M. Kight, Robert D. Kight, Mark Kulow, Lazy Ours, LLC, Leonard John Maki, Lawrence Muetz, Percy Muetz, One Beacon Insurance Company, Stephen L. Potter, Jason D. Rayburn Irrevocable Trust, Dennis L. Riesberg, Christine Schrader, Damon Schrader, John J. Stein, Frank Stenger, Jr., Riki L. Stenger, Walter Strankman, Ronald W. Thorne, Judith L. Vinyard, Tia Warning, Yvonne Weidmann, John Weimer, and Jonathan Seth White were personally served with a summons and a copy of the Complaint.  (*See* doc. # 126-2 (Table)).[5]

Defendants Mary Ann Adams, Dale Kevin Axtell, Kim Marie Axtell, Robert S. Babb, Bailey Hair & Nails, David Edward Bauer, Louise Jane Bauer, Patricia Bennett-Taylor, Vickie Bigelow, Jeffrey Brungardt, Helen T. Burns, Michael Burns, Dean Byer, Geraldine Callahan, Warren T. Callahan, Curtis Case, Kristen Gregory, Scott Gregory, Taryn Guelker, Patricia Hartley, Robert Hartley, Sheila Hawes, Ann Herlihy, Brian Herlihy, Deborah Jalanivich, George E. Jerome, Arthur Curtis Johnson, Russell Johnson, Jr., Bernard J. Karnowka, Thomas P. Karnowka, John Michael Keyes, Arthur Knebel, Susan Knebel, Joseph Allen Mahan, Susan Adele Mahan, Teni Judithe Martin-White, Loren H. Meyerink, Keith Miner, Eugene H. Morris, Marilyn Morris, Diane Newton-Szalay, Gloria J. Park, Dan Rayburn, Jerrilyn Rayburn, Nancy Serwatka, Carl Shoemake, Gerald L. Tyrrell, Janice Tyrrell, Steve Warning and Sydney Weimer each signed a waiver of service of process in this matter.  *Id.*[6]  Defendant Donald Webster returned a waiver of service of process signed by Nancy Webster.  *Id.*  Accordingly, the

court has personal jurisdiction over these Defendants.

Venue is appropriate pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391, as the events giving rise to the Complaint arose in this district and one or more of the Defendants reside in this district.

B.     Forfeiture of Interest in Interpleaded Funds

"Interpleader is a form of joinder open to one who does not know to which of several claimants it is liable." *Amoco Prod. Co. v. Aspen Group*, 59 F. Supp. 2d 1112, 1114 (D. Colo. 1999) (citation omitted).  "Interpleader is permitted when, as here, the insurer of the liability of an alleged tortfeasor is or may be faced with claims aggregating more than its liability on the policy face." *Gen. Accident Group v. Gagliardi*, 593 F. Supp. at 1086.  *See also Amoco Prod. Co.*, 59 F. Supp. 2d at 1114 ("An interpleader action allows the stakeholder to bring the several claimants into a single action and to require them to litigate among themselves to determine which has the valid claim").  "When an insurer brings an action of interpleader to facilitate the handling of multiple claims to a limited fund, it admits its liability as an insurer to make available the proceeds of its policy." *Gen. Accident Group v. Gagliardi*, 593 F. Supp. at 1089.  "It concedes its obligation to pay the proceeds to someone, but concedes no obligation to any one in particular." *Id.* "That obligation accrues only upon the adjudication of conflicting claims, and that adjudication cannot occur absent a timely and formal assertion of claims against the proceeds on deposit." *Id.*

"It has been held that '[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any

8

claim of entitlement that might have been asserted.' " *Amoco Prod. Co.*, 59 F. Supp. 2d at 1116 (citations omitted). *See also Gen. Accident Group v. Gagliardi*, 593 F. Supp. at 1089 (when a named interpleader defendant fails to answer the interpleader complaint and assert a claim to the interpled funds, that failure "can be viewed as forfeiting any claim of entitled that might have been asserted"). A default judgment entered against an interpleader defendant thus terminates that party's interest in the fund at issue. *Id.* To date, no entry of appearance, answer or other responsive pleading has been filed by any of the Defendants against whom the United States now seeks default judgment. When a party against whom a default judgment is sought has failed to plead or otherwise assert a defense, and that fact has been documented, a clerk shall enter the party's default. Fed. R. Civ. P. 55(a). The party seeking the default judgment shall then apply to the court therefor. Fed. R. Civ. P. 55(b)(2). Pursuant to the Federal Rules, the United States first obtained Entry of Default against the Defendants and subsequently filed this Motion seeking default judgment. (*See* Entry of Default (doc. # 118); Motion (doc. # 126)).

Rule 55(d) states that the Rule applies regardless of "whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff or a party who has pleaded a cross-claim or counterclaim." *Amoco Prod. Co.*, 59 F.Supp.2d at 1116 (citing Fed. R. Civ. P. 55(d)). The Rule additionally applies to intervening claimants under Rule 24 and interpleading stakeholders under Rule 22. *Id.* Rule 55 therefore can be employed by intervening plaintiffs in an interpleader action to obtain default judgment. *See id.*

The named Defendants have failed to make a timely claim to the interpled funds.

9

None of the Defendants are on active duty in the military service within the meaning of the Soldier and Sailor's Civil Relief Act of 1940, as amended.[7]  (*See* Motion (doc. # 126) at p. 6).  None of the Defendants is an infant or incompetent.  *Id.*  Because the Defendants against which the United States seeks default have failed to plead or otherwise defend this action, are not on active military duty, and are not infants or incompetent, they have failed to adequately assert their potential interest in the fund at issue.  For the reasons stated above, default judgment is proper.

Accordingly, IT IS RECOMMENDED that Intervener Plaintiff United States of America's Motion for Default Judgment (filed January 24, 2007) (doc. #126) be GRANTED and that default judgment on the United States' Complaint in Intervention (doc. # 47) be entered against the following eighty eight (88) Defendants:

> Mary Ann Adams
> Dale Kevin Axtell
> Kim Marie Axtell
> Robert S. Babb
> Bailey Hair & Nails
> David Edward Bauer
> Louise Jane Bauer
> Patricia Bennett-Taylor
> Vickie Bigelow
> Enrique Brumaghin
> Jeffrey Brungardt
> Helen T. Burns
> Michael Burns
> Dean Byer
> Geraldine Callahan
> Warren T. Callahan
> Curtis Case
> Dora Cataldo
> CAW Trust Settlement of Trust
> Andrew Christensen
> Shelly Christensen

Helen Cook
Karen Eck
Randal Eck
Roger Falter
Ronald H. Green
Sherlyn Gregg
Tim A. Gregg
Kristen Gregory
Scott Gregory
Taryn Guelker
Patricia Hartley
Robert Hartley
Sheila Hawes
Katherine Hedrick
Ann Herlihy
Brian Herlihy
Egor Hunka
Deborah Jalanivich
George E. Jerome
Arthur Curtis Johnson
Russell Johnson, Jr.
Bernard J. Karnowka
Thomas P. Karnowka
John Michael Keyes
Nina M. Kight
Robert D. Kight
Arthur Knebel
Susan Knebel
Mark Kulow
Lazy Ours, LLC
Joseph Allen Mahan
Susan Adele Mahan
Leonard John Maki
Teni Judithe Martin-White
Loren H. Meyerink
Keith Miner
Eugene H. Morris
Marilyn Morris
Lawrence Muetz
Percy Muetz
Diane Newton-Szalay
One Beacon Insurance Company
Gloria J. Park

Stephen L. Potter
Dan Rayburn
Jason D. Rayburn Irrevocable Trust
Jerrilyn Rayburn
Dennis L. Riesberg
Christine Schrader
Damon Schrader
Nancy Serwatka
Carl Shoemake
John J. Stein
Frank Stenger Jr.
Riki L. Stenger
Walter Strankman
Ronald W. Thorne
Gerald L. Tyrrell
Janice Tyrrell
Judith L. Vinyard
Steve Warning
Tia Warning
Donald Webster
Yvonne Weidmann
John Weimer
Sydney Weimer
Jonathan Seth White

and that each of these Defendants is and shall be barred from asserting any claim

against the interpleaded funds in the registry of the court.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may

serve and file written objections to the magistrate judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

13

magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 24th day of April, 2007.

BY THE COURT:

_____s/Craig B. Shaffer_____
United States Magistrate Judge

1.      The correct spelling of this Defendant's first name is "Vicki."  (*See* Affidavit of Billy-George Hertzke (doc. # 147-2) at ¶¶ 6, 7).

2.      The correct spelling of this Defendant's last name is "Knebel."  (*See* Affidavit of Billy-George Hertzke (doc. # 147-2) at ¶¶ 6, 7).

3.      The correct spelling of this Defendant's last name is "Knebel."  (*See* Affidavit of Billy-George Hertzke (doc. # 147-2) at ¶¶ 6, 7).

4.      The correct spelling of this Defendant's last name is "Park."  (*See* Affidavit of Billy-George Hertzke (doc. # 147-2) at ¶¶ 6, 7).

5.      Personal service was made to "Roger Faiter."  (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-5) at pp. 10-11).  The court requested clarification to ascertain that the actual party in interest was in fact notified and forfeited his right to any claim of entitlement.  (*See* Order for Clarification (doc. # 146) at p. 2).  The United States accounted for this discrepancy by noting that the return of service "simply misspelled Falter's last name as 'Faiter'." (*See* Response to

the Court's Order for Clarification (doc. # 147) at p. 5;  Declaration of Jeff de Berry (doc. # 147-4) at p. 1).

Personal service was made to Terri D. Rayburn on behalf of "Jason D. Rayburn Repp Living Trust"  (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-9) at p. 16).  The United States accounted for this discrepancy by noting that the return of service "misidentified the trust as the result of a word processing error," but that service was in fact made to the Jason D. Rayburn Irrevocable Trust.  (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 8);  Declaration of Les J. Roberts (doc. # 147-5) at pp. 1-2).

6.     A waiver of service was signed by "Vicki Bigelow."  (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-2) at pp. 23-24).  The United States accounted for this discrepancy by noting that while the Complaint spelled the Defendant's name as "Vickie Bigelow," this spelling was the result of a "typographical error," and should have read "Vicki Bigelow," which corresponds to the waiver of service.  (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 4); Affidavit of Billy-George Hertzke (doc. # 147-2) at pp. 1-2).

A waiver of service was signed by "Jeffrey Brungardt."  (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-3) at pp. 14-15).  The United States accounted for this discrepancy by noting that while the Complaint spelled the Defendant's name as "Jeffrey Brungart," this spelling was the result of a "typographical error" and should have read "Jeffrey Brungardt," which corresponds to the waiver of service.  (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 5); Affidavit of Billy-George Hertzke (doc. # 147-2) at pp. 1-2).

The United States originally sought default judgment against "Arthur Kriebel." (*See* Attachment to Motion for Default Judgment (doc. # 126-2) at p. 3).  The United States then submitted documentation that a waiver of service was signed by "Arthur Knebel."  (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-8) at pp. 3-4).  The United States accounted for this discrepancy by noting that the complaint "incorrectly spelled this defendant's last name" and that "PACER currently reflects the correct spelling of 'Knebel,' which is also the spelling that corresponds to the waiver of service."  (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 5).

The United States originally sought default judgment against "Susan Kriebel." (*See* Attachment to Motion for Default Judgment (doc. # 126-2) at p. 3).  The United States then submitted documentation that a waiver of service was signed by "Susan Knebel."  (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-8) at pp. 5-6).  The United States accounted for this discrepancy by noting that the complaint "incorrectly spelled this defendant's last name" and that "PACER currently reflects the correct spelling of 'Knebel,' which is also the spelling that corresponds to the waiver of service."  (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 6).

The United States originally sought default judgment against "Teni Judithe Martin-White." (*See* Attachment to Motion for Default Judgment (doc. # 126-2) at p. 3). The United States then submitted documentation that a waiver of service was signed by "Teni J. Martin." (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-8) at pp. 15-16). The United States accounted for this discrepancy by noting that "public record searches indicate that Teni Judithe Martin-White and Teni J. Martin are two names used by the same person." (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 6; Affidavit of Craig M. Tische (doc. # 147-3) at pp. 1-2).

The United States originally sought default judgment against both "Diane Newton-Szalay" and "Diane Szalay." (*See* Attachment to Motion for Default Judgment (doc. # 126-2) at pp. 3-4). The United States then submitted documentation that a waiver of service was signed by "Diane Newton-Szalay." (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-9) at p. 9). The United States accounted for this discrepancy by noting that "[t]he duplicate entry of 'Diane Szalay' is an error and this entry should be disregarded." (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 7).

The United States originally sought default judgment against "Gloria J. Parks." (*See* Attachment to Motion for Default Judgment (doc. # 126-2) at p. 3). The United States then submitted documentation that a waiver of service was signed by "Gloria J. Park." (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-9) at pp. 11-12). The United States accounted for this discrepancy by noting that while the Complaint spelled the defendant's name as "Gloria J. Parks," this spelling was the result of a "typographical error" and should have read "Gloria Park," which corresponds to the waiver of service and is now correctly reflected on PACER. (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 7; Affidavit of Billy-George Hertzke (doc. # 147-2) at pp. 1-2).

The United States originally sought default judgment against "Gerald L. Tyrell." (*See* Attachment to Motion for Default Judgment (doc. # 126-2) at p. 4). The United States then submitted documentation that a waiver of service was signed by "Gerald 'Jerry' Tyrrell." (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-11) at pp. 17-18). The United States accounted for this discrepancy by noting that while the Complaint spelled the Defendant's name as "Gerald L. Tyrell," this spelling was the result of a "typographical error" and should have read "Tyrrell," which corresponds to the waiver of service and is now correctly reflected on PACER. (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 9;  Affidavit of Billy-George Hertzke (doc. # 147-2) at pp. 1-2).

The United States originally sought default judgment against "Janice Tyrell." (*See* Attachment to Motion for Default Judgment (doc. # 126-2) at p. 4). The United States then submitted documentation that a waiver of service was signed by "Janice Tyrrell." (*See* Notice of Filing Returns of Service/Waivers of Service of Summons by FIC (doc. # 63-11) at pp. 19-20). The United States accounted for this discrepancy by

noting that while the Complaint spelled the Defendant's name as "Janice Tyrell," this spelling was the result of a "typographical error" and should have read "Tyrrell," which corresponds to the waiver of service and is now correctly reflected on PACER.  (*See* Response to the Court's Order for Clarification (doc. # 147) at p. 9; Affidavit of Billy-George Hertzke (doc. # 147-2) at pp. 1-2).

7.      The United States ran searches in the Department of Defense Manpower Data Center (DODMDC) to determine that none of the Defendants were on active military duty.  (*See* Attachment to Motion for Entry of Default (doc. # 116-4) at p. 1).   Due to typographical errors and other spelling mistakes, several of the DODMDC searches were conducted with incorrect spellings of the Defendants' names.  (*See* Order for Clarification (doc. # 146) at p. 2).  The United States accounted for this problem by conducting DODMDC searches with correct spellings of those names that were incorrectly searched initially, and has ascertained that none of the Defendants are in active military service.  (*See* United States' Response to Court's Order for Clarification (doc. # 147) at pp. 4-10).