IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00965-MSK-CBS

FEDERAL INSURANCE COMPANY, an Indiana corporation,

Plaintiff,

v.

MARY ANN ADAMS,
ALLSTATE INSURANCE COMPANY, INC., an Illinois corporation,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,
DALE KEVIN AXTELL,
KIM MARIE AXTELL,
ROBERT S. BABB,
BAILEY HAIR & NAILS,
DAVID EDWARD BAUER,
LOUISE JANE BAUER,
PATRICIA BENNETT-TAYLOR,
VICKIE BIGELOW,
ENRIQUE BRUMAGHIN,
JEFFREY BRUNGART,
HELEN T. BURNS,
MICHAEL BURNS,
DEAN BYER,
GERALDINE CALLAHAN,
WARREN T. CALLAHAN,
CURTIS CASE,
DORA CATALDO,
JOHN DOE #1, as trustee for Caw Trust Settlement of Trust,
ANDREW CHRISTENSEN,
SHELLY CHRISTENSEN,
HELEN COOK,
KAREN ECK,
RANDAL ECK,
ROGER FALTER,
FARMERS INSURANCE GROUP, a Nevada corporation,
RON GREEN,
SHERLYN GREGG,
TIM A.GREGG,
KRISTEN GREGORY,
SCOTT GREGORY,

TARYN GUELKER,
PATRICIA HARTLEY,
ROBERT HARTLEY,
SHEILA HAWES,
KATHERINE HEDRICK,
ANN HERLIHY,
BRIAN HERLIHY,
EGOR HUNKA,
DEBORAH JALANIVICH,
GEORGE E. JEROME,
ARTHUR CURTIS JOHNSON, III,
RUSSELL JOHNSON, JR.,
BERNARD J. KARNOWKA,
THOMAS P. KARNOWKA,
JOHN MICHAEL KEYES,
NINA M. KIGHT,
ROBERT D. KIGHT,
ARTHUR KRIEBEL,
SUSAN KRIEBEL,
MARK KULOW,
LAZY OURS, L.L.C., a Colorado limited liability company,
JOSEPH ALLEN MAHAN,
SUSAN ADELE MAHAN,
LEONARD JOHN MAKI,
TENI JUDITHE MARTIN-WHITE,
LOREN H. MEYERINK,
KEITH MINER,
EUGENE H. MORRIS,
MARILYN MORRIS,
LAWRENCE MUETZ,
PERCY MUETZ,
DIANE NEWTON-SZALAY,
ONE BEACON INSURANCE COMPANY, a Massachusetts corporation,
GLORIA J. PARKS,
STEPHEN L. POTTER,
DAN RAYBURN,
JOHN DOE #2 as trustee for Jason D. Rayburn Irrevocable Trust,
JERRILYN RAYBURN,
HANK REPP,
PRISS REPP,
JOHN DOE #3, as trustee for Priscilla M. Repp Living Trust,
DENNIS L. RIESBERG,
CHRISTINE SCHRADER,

DAMON SCHRADER,
NANCY SERWATKA,
CARL SHOEMAKE,
STATE OF COLORADO,
STATE FARM INSURANCE COMPANY, an Illinois company,
JOHN J. STEIN,
FRANK STENGER, JR.,
RIKI L. STENGER,
WALTER STRANKMAN,
RONALD W. THORNE,
GERALD L. TYRELL,
JANICE TYRELL,
JERRY TYRELL,
USAA CASUALTY INSURANCE COMPANY, a Texas corporation,
JUDITH L. VINYARD,
STEVE WARNING,
TIA WARNING,
DONALD WEBSTER,
YVONNE WEIDMANN,
JOHN WEIMER,
SYDNEY WEIMER,
JONATHAN SETH WHITE,
JOHN & JANE DOE 4-10, the identity and precise number of whom are presently unknown to the plaintiff, and
JOHN DOE ENTITY 1-10, the identity and precise number of whom are presently unknown to the plaintiff,

Defendants,

and

UNITED STATES OF AMERICA,
HENRY ALDERFER,
BARBARA ALDERFER, and
ERIC ALDERFER,

Intervenors.

---

**ORDER ADOPTING RECOMMENDATION, DIRECTING THE ENTRY OF DEFAULT JUDGMENT AGAINST SPECIFIC DEFENDANTS, GRANTING JOINT MOTION FOR DISTRIBUTION OF INTERPLED FUNDS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

---

THIS MATTER comes before the Court on the Magistrate Judge's Recommendation **(#149)** that the Court grant a motion **(#126)** filed by Intervenor United States of America for the entry of default judgment against eighty-eight Defendants. The other three Intervenors joined **(#136)** in the motion. No party has timely objected to the Recommendation. Also before the Court is a Joint Motion for Distribution of Interpled Funds Pursuant to Settlement Agreements **(#137)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

This is an interpleader action. The Plaintiff is an insurance company which has interpled $500,000 into the Court's registry. The Defendants are potential claimants to these insurance proceeds. Intervenor United States of America claims entitlement to a portion of these proceeds. The other three Intervenors are the Plaintiff's insureds who ask that the proceeds of the insurance policy be equitably distributed among any Defendants who are entitled to payment.

On January 9, 2007, the Clerk of Court entered a default **(#118)** against most of the above-named Defendants, but not against Defendants Allstate Insurance Company, Inc., American Family Mutual Insurance Company, Farmers Insurance Group, Hank Repp, Priss Repp, the trustee for the Priscilla M. Repp Living Trust, the State of Colorado, State Farm Insurance Company, or USAA Casualty Insurance Company. The Intervenors move **(#126, #136)** for the entry of a default judgment with regard to the Defendants against whom a default has been entered.

The Magistrate Judge has found that none of the Defendants against whom a default judgment is sought are infants, incompetents, or on active duty in the military service. He also has found that such Defendants were served with, or waived service of, the Complaint and summons.

He therefore recommends that the motion for default judgment be granted, and that the Defendants in default be deemed to have forfeited any interest in the interpled funds.[1]

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections are filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). However, when no objections are filed, as in this case, a district court may apply whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

The Magistrate Judge's Recommendation is not clearly erroneous or contrary to law. The Defendants against whom the Clerk entered a default were served with, or waived service of, the Complaint and summons, and they have failed to answer the Plaintiff's or Intervenors' Complaints. Such Defendants are not infants, incompetents, or on active duty in the military service. Thus, they have forfeited any interest in the interpled funds. A default judgment is properly entered against them.

As to the remaining Defendants, they have filed, along with the Intervenors, a joint motion seeking distribution of the interpled funds in accordance with their settlement agreements. They

---

[1] Prior to issuing this Recommendation, the Magistrate Judge issued an Order **(#146)** directing the parties to clarify inconsistencies between the names listed in the Complaint, the names set forth on a table attached to the motion for default judgment, the names set forth on the waivers and returns of service, and the names listed in search results from the Department of Defense Manpower Data Center. The parties resolved these inconsistencies, and the Magistrate Judge explains all typographical errors in his Recommendation. All corrections are noted below. The caption will be amended to reflect the correct spellings of the Defendants' names.

agree to distribution of the interpled funds, as follows:

| **Party** | **Share** |
|---|---|
| Allstate Insurance Company | $25,505.62 |
| American Family Insurance Company | $2,126.15 |
| Farmers Insurance Group | $6,455.65 |
| Hank Repp, Priscilla Repp, and Priscilla Repp Living Trust | $7,180.42 |
| Board of Governors of the Colorado State University System | $108,309.60 |
| State Farm Insurance Company | $5,554.78 |
| USAA Casualty Insurance Company | $5,941.81 |
| United States Forest Service | $338,925.96 |
| **TOTAL** | **$500,000** |

They also agree that once these funds have been disbursed, this action will be concluded.

**IT IS THEREFORE ORDERED** that:

(1) The caption shall be amended to reflect the following corrections:

(a) The name "Vickie Bigelow" shall be replaced by "Vicki Bigelow."

(b) The name "Jeffrey Brungart" shall be replaced by "Jeffrey Brungardt."

(c) The name "Arthur Kriebel" shall be replaced by "Arthur Knebel."

(d) The name "Susan Kriebel" shall be replaced by "Susan Knebel."

(e) The name "Gloria J. Parks" shall be replaced by "Gloria J. Park."

(f) The name  Gerald Tyrell shall be replaced by "Gerald Tyrrell," and the name "Jerry Tyrell" shall be deleted as duplicative.

(g) The name "Janice Tyrell" shall be replaced by "Janice Tyrrell."

(2) The Court **ADOPTS** the Magistrate Judge's Recommendation **(#149)** and

**GRANTS** the Motion **(#126, #136)** for the entry of default judgment.

(3) Judgment shall enter against the following Defendants, who are deemed to have forfeited any interest in the interpled funds:

Mary Ann Adams
Dale Kevin Axtell
Kim Marie Axtell
Robert S. Babb
Bailey Hair & Nails
David Edward Bauer
Louise Jane Bauer
Patricia Bennett-Taylor
Vicki Bigelow
Enrique Brumaghin
Jeffrey Brungardt
Helen T. Burns
Michael Burns
Dean Byer
Geraldine Callahan
Warren T. Callahan
Curtis Case
Dora Cataldo
The trustee for the Caw Trust Settlement of Trust
Andrew Christensen
Shelly Christensen
Helen Cook
Karen Eck
Randal Eck
Roger Falter
Ronald H. Green
Sherlyn Gregg
Tim A. Gregg
Kristen Gregory
Scott Gregory
Taryn Guelker
Patricia Hartley
Robert Hartley
Sheila Hawes
Katherine Hedrick
Ann Herlihy
Brian Herlihy

Egor Hunka
Deborah Jalanivich
George E. Jerome
Arthur Curtis Johnson, III
Russell Johnson, Jr.
Bernard J. Karnowka
Thomas P. Karnowka
John Michael Keyes
Nina M. Kight
Robert D. Kight
Arthur Knebel
Susan Knebel
Mark Kulow
Lazy Ours, L.L.C., a Colorado limited liability company
Joseph Allen Mahan
Susan Adele Mahan
Leonard John Maki
Teni Judithe Martin-White
Loren H. Meyerink
Keith Miner
Eugene H. Morris
Marilyn Morris
Lawrence Muetz
Percy Muetz
Diana Newton-Szalay
One Beacon Insurance Company, a Massachusetts corporation
Gloria J. Park
Stephen L. Potter
Dan Rayburn
The trustee of the Jason D. Rayburn Irrevocable Trust
Jerrilyn Rayburn
Dennis L. Riesberg
Christine Schrader
Damon Schrader
Nancy Serwatka
Carl Shoemake
John J. Stein
Frank Stenger, Jr.
Riki L. Stenger
Walter Strankman
Ronald W. Thorne
Gerald L. Tyrrell
Janice Tyrrell

Judith L. Vinyard
Steve Warning
Tia Warning
Donald Webster
Yvonne Weidmann
John Weimer
Sydney Weimer
Jonathan Seth White

(4) Based upon the stipulation of the parties, the Clerk of Court shall distribute the interpled funds as follows:

| **Defendant** | **Payable To:** | **Mail To:** | **Share** |
|---|---|---|---|
| Allstate Insurance Company | Harris, Karstaedt, Jamison & Powers, P.C., Attorneys for Allstate Insurance Company | Brian T. Judson<br>Harris, Karstaedt, Jamison & Powers<br>188 Inverness Drive West, Suite 300<br>Englewood, CO 80112 | $25,505.62 |
| American Family Insurance Company | Rodger Moore Trust Account, Attorney for American Family Insurance Company | Rodger Moore<br>Law Offices of Roger Moore<br>1751 Franklin St.<br>Denver, CO 80218 | $2,126.15 |
| Farmers Insurance Group | Fire Insurance Exchange | John P. Craver<br>White and Steele, P.C.<br>950 17th Street, Ste. 2100<br>Denver, CO 80202-2804 | $6,455.65 |
| Hank Repp, Priscilla Repp, and Priscilla Repp Living Trust | Hank Repp, Priscilla Repp, Henry E. Repp as Trustee of Priscilla Repp Living Trust | Hank Repp, Priscilla Repp,<br>Henry E. Repp as Trustee of Priscilla Repp Living Trust<br>5729 South Snowberry Drive<br>Littleton, CO 80123 | $7,180.42 |
| Board of Governors of the Colorado State University System | Colorado State University | Laurence Pendleton<br>Office of General Counsel<br>01 Administration Building<br>Ft. Collins, CO 80523-0006 | $108,309.60 |

| | | | |
|---|---|---|---|
| State Farm Insurance Company | Rodger Moore Trust Account, Attorney for State Farm Insurance Company | Rodger Moore<br>Law Offices of Rodger Moore<br>1751 Franklin St.<br>Denver, CO 80218 | $5,554.78 |
| USAA Casualty Insurance Company | USAA Casualty Insurance Company | Andrew A. Scott<br>Walberg, Dagner & Tucker, P.C.<br>Quebec Centre II, Suite 300<br>7400 East Caley Avenue<br>Englewood, CO 802111-6714 | $5,941.81 |
| United States Forest Service | U.S. Department of Justice | Lisa Christian<br>United States Attorney's Office<br>District of Colorado<br>1225 17th Street, Suite 700<br>Denver, CO 80202 | $338,925.96 |
| **TOTAL** | | | **$500,000** |

(5) Following disbursement of these funds, the Clerk of Court is directed to close this case.

Dated this 15th day of May, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge